[Cite as *Sylvania v. Johnson*, 2019-Ohio-4614.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Sylvania

Court of Appeals No. L-18-1193

Appellee

Trial Court No. TRC17-07277

v.

Jeremiah R. Johnson

**DECISION AND JUDGMENT**

Appellant

Decided: November 8, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
William H. Dailey, Special Prosecuting Attorney, for appellee.

Clayton M. Gerbitz, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an August 14, 2018 judgment of the Sylvania Municipal Court, granting appellee's July 6, 2018 motion to withdraw an April 26, 2018 plea agreement that had been initially accepted by the trial court.

{¶ 2} The trial court subsequently discovered that the assistant prosecuting attorney made multiple material misrepresentations in order to justify the plea offer when presenting the proposal to the trial court.

{¶ 3} The assistant prosecutor falsely presented the case as having significant evidentiary shortcomings that the case did not actually have. Further, trial counsel for appellant remained conspicuously silent while the misrepresentations accruing to his client's benefit were presented to the trial court by the assistant prosecutor.

{¶ 4} In the August 14, 2018 judgment negating the plea deal that was discovered to have been secured under false pretenses, the trial court determined in pertinent part, "*Subsequent to accepting defendant's plea to the amended charge and before the sentencing date, it came to the court's attention that the specific information given to the court by [the assistant prosecuting attorney] as to the basis for amending the charge was not accurate and, in fact, was untruthful*." (Emphasis added).

{¶ 5} The court further noted that, "The court called for the presence of the prosecutor in the court and made direct inquiry of the prosecutor as to the basis for the amendment. *The transcript of the plea hearing reveals the prosecutor provided false answers to the court*." (Emphasis added).

{¶ 6} Faced with a plea entered under these tainted circumstances, the trial court held, "*A blatant fraud upon the court to obtain a result cannot be tolerated or allowed and * * * is an affront to the court and all parties*. The court acknowledges that nothing

2.

in the record suggests the defendant himself engaged in any fraudulent behavior. Nonetheless defendant cannot reap the benefits of a fraud." (Emphasis added).

{¶ 7} Accordingly, appellee's Civ.R. 60(B) motion to vacate the underlying plea agreement that had been fraudulently secured, was granted. This appeal ensued.

{¶ 8} Appellant, Jeremiah Johnson, sets forth the following assignment of error:

I. The trial court abused its discretion in granting appellee's motion to set aside the plea agreement and reinstate the original charge.

{¶ 9} The following undisputed facts are relevant to this appeal. On November 22, 2017, a Lucas County Sheriff's Deputy initiated a traffic stop of a pickup truck driven by appellant. It had been reported to law enforcement that appellant was driving the truck off of the roadway, along a set of railroad tracks.

{¶ 10} Upon approaching appellant's vehicle, the deputy immediately detected a strong odor of alcohol emanating from appellant's person and observed appellant to exhibit indicia of alcohol intoxication.

{¶ 11} In response to these observations, the deputy notified a fellow deputy, who specializes in alcohol-related driving offense investigations. The additional deputy traveled to the scene to assist in the matter.

{¶ 12} In the course of the investigation, although appellant refused to cooperate with a breathalyzer test, appellant conceded to the deputies to having consumed alcohol, failed the horizontal gaze nystagmus alcohol test, and failed the one-leg-stand alcohol test. Notably, appellant has two prior OVI convictions, one in 2012 and one in 2015.

3.

{¶ 13} On April 5, 2018, a pretrial hearing was conducted at the Sylvania Municipal Court. At the pretrial, the arresting sheriff's deputy, trial counsel for appellant, and the assigned prosecuting attorney all watched the dash cam video of the subject traffic stop. The video footage reflects appellant's admission to consuming alcohol prior to driving the truck and being stopped. Defense counsel requested the case be reduced to reckless operation. The arresting deputy made his opposition to any reduction in the charge clear given the ample evidence of guilt in conjunction with appellant's prior, recent OVI convictions. No plea agreement or case resolution resulted from the pretrial.

{¶ 14} Several weeks later, on April 26, 2018, contrary to the evidence and to the wishes of law enforcement, the assistant prosecuting attorney falsely drafted a plea bargain proposal form stating that appellant's pending OVI offense was recommended to be reduced to reckless operation based upon "evidentiary concerns."

{¶ 15} When the trial court judge was presented with the recommended generous reduction for a repeat OVI offender, the judge summoned the assistant prosecutor to appear in person before the judge and explain the rationale for the recommendation.

{¶ 16} The assistant prosecuting attorney appeared before the trial court and falsely stated to the trial court judge that appellant had denied driving the vehicle and also falsely suggested that it could not be proven that appellant had been driving the vehicle. This representation was directly counter to the evidence.

4.

{¶ 17} The assistant prosecuting attorney further falsely stated to the trial court judge that the arresting deputy had been notified of the proposed plea reduction and had consented to it. The deputy had not been notified, had not consented, and had previously objected to the proposed plea bargain given appellant's prior OVI convictions and the clear evidence of guilt of an OVI offense in the instant case.

{¶ 18} Based upon the above-described misrepresentations of evidentiary defects and law enforcement consent to the trial court, the trial court determined, "In light of the recommendation of the prosecution and with the consent of the arresting officer we will agree to the amendment to physical control." A guilty plea was entered to the amended charge. The case was continued for a presentence investigation.

{¶ 19} Shortly after this occurred, the arresting deputy discovered what had happened and immediately notified the prosecuting attorney's office that he had not been made aware of, or agreed to, the plea reduction in this case. He conveyed his disapproval and the compelling reasons for the disapproval.

{¶ 20} In light of these circumstances, a visiting judge was appointed, a special prosecutor was appointed, and the assistant prosecuting attorney who made the multiple false statements of fact to the trial court was reported to the Supreme Court of Ohio for the ethical breaches. In the interim, this attorney has been disciplined by the Supreme Court of Ohio for the misconduct.

{¶ 21} On July 6, 2018, special counsel for appellee filed a Civ.R. 60(B) motion to have appellant's April 26, 2018 plea to the amended offense of physical control vacated

5.

given the fraud perpetrated upon the trial court in the course of securing its cooperation with the amendment and plea.

{¶ 22} On August 8, 2018, oral arguments were heard on the pending motion. On August 14, 2018, appellee's motion was granted and the original OVI charge against appellant was reinstated. On August 15, 2018, appellant pled guilty to one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1).

{¶ 23} On September 10, 2018, appellant was sentenced to serve 180 days at the corrections center of Northwest Ohio ("CCNO"), with 150 days suspended, probation, drug and alcohol treatment, fines and court costs, and a two-year license suspension. Imposition of the sentence was stayed pending the outcome of this appeal.

{¶ 24} In the sole assignment of error, appellant maintains that the trial court abused its discretion in granting appellee's motion to withdraw the plea and reinstate the original offense. We do not concur.

{¶ 25} In order to establish an abuse of discretion, more than a mere error of law or judgment must be demonstrated. It must be shown that the disputed trial court action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 26} Crim.R. 57(B) establishes that, "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of

6.

criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."

{¶ 27} In conjunction with Crim.R. 57(B), Civ.R. 60(B)(3) establishes, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: fraud."

{¶ 28} It is well-established that in order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate a meritorious claim to present if relief is granted, entitlement to relief under one of the grounds enumerated in Civ.R. 60(B), and the motion must be made within one-year after the judgment was entered. *GTE Automatic Elec. Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 111 (1976).

{¶ 29} As applied to the instant case, the record irrefutably reflects through the arresting officer's observations of appellant's clear indicia of intoxication, failure of field sobriety tests, as well as the dash cam video capturing appellant's admission to driving while under the influence of alcohol, that appellee possessed a meritorious claim to present that appellant operated a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), if the relief sought was granted.

{¶ 30} The record further reflects irrefutable evidence of multiple fraudulent statements made to the trial court by the assistant prosecutor in the course of soliciting the trial court's acceptance of the proposed plea bargain. In addition, the motion was made on July 6, 2018, well within the one-year filing deadline.

7.

{¶ 31} In conjunction with the above, we also look to the case of *Coulson v. Coulson*, 5 Ohio St.3d 12, 448 N.E.2d 809 (1983), for guidance in this matter. In *Coulson*, an attorney filed a divorce complaint reflecting it to be filed on behalf of the plaintiff to the divorce, when in actuality it was drafted at the direction of, in consultation with, and with terms dictated by the defendant to the action.

{¶ 32} In responding to the fraud perpetrated upon the court, the *Coulson* court held in pertinent part, "In the usual case, a party must resort to a motion under Civ.R. 60(B)(3). Where an officer of the court, e.g., an attorney, however, actively participates in defrauding the court, the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment."

{¶ 33} The court ultimately concluded, "[W]e hold that pursuant to Civ.R. 60(B)(5) a court in appropriate circumstances may vacate a judgment vitiated by a fraud upon the court." We find this to be analogous to the instant case in which an attorney representing one of the parties to the action conveyed fraudulent, material information to the trial court in an effort to achieve a result under false pretenses beneficial to the party opposite the party actually represented by the attorney.

{¶ 34} The record encompasses ample evidence in support of the trial court's granting of appellee's motion pursuant to Civ.R. 60(B)(3), (5), *GTE*, and *Coulson, supra*. The record is devoid of any evidence that the disputed trial court action in vacating the plea, as tainted by the fraud perpetrated upon the court, and restoring the original charge was unreasonable, arbitrary or unconscionable.

8.

{¶ 35} On consideration whereof, we find appellant's assignment of error not well-taken. The judgment of the Sylvania Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, P.J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.